CASE 73—CONTESTED LIBELOUS—DECEMBER 12, 1884.

# Ramey v. Ratliffe.

### APPEAL FROM PIKE CIRCUIT COURT.

1. The notice sets forth that certain persons (naming them) voted for appellant, and that their names were either recorded against him or not recorded at all
2. The statement clearly shows that the officers of the election either acted fraudulently or made mistakes as to their votes.
3. Section 17, chapter 81, General Statutes, do not apply to officers whose action can not be corrected by a court of equity for either fraud or mistake.

C. M. PARSONS AND WALTER HARKINS FOR APPELLANT.

The notice is sufficiently certain to put the contestee in possession of the points of contest.

That appellant is elected by eighteen votes is unquestionable.    (Sec. 5, art. 3, chap. 33, Gen. Stat.; sec. 8, art. 7, chap. 33, *Ib.;* Seeman v. Hinton, 1 Duv., 40; Clark v. McKeape, 7 Bush, 529.)

WM. LINDSAY FOR APPELLEE.

None of the specifications here set forth in the notice state any issuable fact.

Appellant fails to charge either fraud or mistake against either appellee or the officers of the election.    (Gen. Stat., sec. 17, chap. 81.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The only question in this case is, whether the contesting board or the circuit court, on an appeal to it from a decision of the board, ruled correctly in excluding evidence impeaching the correctness of the poll-books certified by the officers of the election, there being no specific allegation of mistake on the part of the officers or fraud in the parties benefited thereby.

The appellant was fairly elected to the office of assessor by a majority of some seventeen votes, which, in the light of the evidence, after correcting the errors on the poll-books against him, clearly appears.

It is set forth in the notice that certain persons named

voted for appellant, but their votes were either recorded against him or not at all.  His specific statement shows that the officers made mistakes or acted fraudulently in recording those votes, and it was not necessary to allege in the notice that the acts which were fully described were mistakes, for they show the mistakes better than a mere assertion that the officers had made mistakes.  As the law will not presume fraud in the absence of an allegation and proof of fraudulent intent or motive, or of such facts as constitute fraud in law, the notice will be treated as alleging mistake in recording, and failing to record the eighteen votes which were proven to be cast for appellant.  Besides this, we do not think that section 17, chapter 81, General Statutes, applies to officers of an election whose action can not be corrected by a court of equity either for fraud or mistake. (See School District v. Garvey, &c., 80 Ky., 164.)  Our whole system of laws relative to elections and contested elections are to be administered by the instrumentalities named in the statute and the rules of common law procedure, so far as applicable.

Appeals are placed upon the equity side of the docket, because the evidence to be heard in the circuit court is required to be in writing, and the right to trial by jury in such cases does not exist.

The agreement of the parties postponing the day of meeting by the contesting board to hear their case, is binding, and neither will be heard to claim the right to violate it, after it has been acted on.  The only object of the election laws is to ascertain honestly and fairly by competent witnesses and legal evidence who, of the persons voted for, received the highest number of legal votes, and to him, if qualified, award the office.

The notice having plainly stated the grounds of contest, the strictures applicable to a declaration or petition not being required, and the evidence showing that appellant was elected, the court should have adjudged that he was entitled to the office.

Wherefore, the judgment is reversed and cause remanded, with directions to enter judgment in accordance with this opinion.